**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**PROFESSIONAL INVESTIGATING &**
**CONSULTING AGENCY, INC.,**

          **Plaintiff,**                     **Case No. 2:11-cv-01025**
                                              **JUDGE GREGORY L. FROST**
      **v.**                          **Magistrate Judge Elizabeth P. Deavers**

**DAVID SUZUKI, et al.,**

          **Defendants.**

**OPINION AND ORDER**

This matter is before the Court for consideration of the following filings: Defendants

David Suzuki and Suzuki Reconnaissance Advisors Limited's ("SRA") motion to dismiss (ECF

No. 38), Plaintiff Professional Investigating & Consulting Agency's ("PICA") memorandum in

opposition (ECF No. 43), and Defendants' reply memorandum (ECF No. 47).  For the reasons

that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

    **I.**       **BACKGROUND**

PICA is an Ohio company whose business involves private investigation and consulting

services.  PICA operates worldwide; however, this lawsuit involves PICA's agreement with SRA

for a joint venture in Hong Kong.

Effective April 1, 2009, Defendants and PICA entered into a Joint Marketing, Licensing,

and Services Agreement ("Agreement") to jointly market, promote, and provide their services to

current and future Asian clients on a worldwide basis including joint branding of their services in

Asia.  (ECF No. 10-1.)  The Agreement contains the following "Governing Law and Venue"

provision:

> This Agreement shall be governed by, and its terms and conditions shall be construed and enforced in accordance with the domestic laws of the State of Ohio of the United States of America excluding its principle of conflicts of laws and the parties hereto and hereby irrevocably submit to the jurisdiction and venue of the United States District Court for the Southern District of Ohio to resolve any disputes arising hereunder or related hereto.

(*Id*. at 14 ¶ 11, hereinafter "Forum Selection Clause").  The Agreement was to remain in full force until either party terminated it, which Defendants did on October 24, 2011.

In the Agreement, Defendants and PICA promised, *inter alia*, that during the term of the Agreement and for two years after the termination thereof, neither party would directly or indirectly solicit any client introduced to it through the joint venture.  (*Id*. at 11 ¶ 7.3.)  PICA alleges that Defendants violated the Agreement by soliciting its (PICA's) Asian clients.

The Agreement also contains several references to the parties' "Confidential and Proprietary Information and Trade Secrets."  Specifically for purposes of this motion to dismiss, the Agreement states that such information "shall be kept confidential" by both parties and "shall be disclosed only upon the prior written consent of the Disclosing Party or upon such terms as may be agreed upon in writing by the Parties."  (*Id*. at 10 – 11 ¶ 7.1.)  The Agreement also states: "Upon termination of this Agreement for any reason or no reason, the Parties hereto shall . . . cease any and all use of the other Party's Marks, Content, Confidential and Proprietary Information and Trade Secret Information."  (*Id*. at 5–6 ¶ 3.6.)  PICA alleges that Defendants violated the Agreement by disclosing and misappropriating PICA's confidential information.

PICA filed this lawsuit on November 15, 2011.  In its Amended Complaint, PICA does not clearly spell out the claims for relief it intends to assert.  Recognizing, however, that filings are to be construed by their substantive content and not by their labels, the Court construes the Amended Complaint as asserting a breach of contract claim for soliciting PICA's clients and disclosing PICA's confidential information in violation of the Agreement, for which PICA seeks

injunctive relief and monetary damages.  Due to the choice-of-law provision contained within the Forum Selection Clause, Ohio law applies to this claim.

PICA also purports to assert a claim for wrongful interference with business relations but does not indicate the state or country's law under which it brings this claim.  Defendants do not challenge this claim in their motion to dismiss.  As such, the Court will not address it in this Opinion and Order.

Additionally, PICA asks in its Amended Complaint for a "preliminary and permanent injunction."  Because requests for preliminary injunctions must be made in pleadings separate from the complaint, however, PICA's request for a preliminary injunction is not properly before the Court.  *See* S.D. Ohio Civ. R. 65.1(b).  The Court therefore will not address PICA's request for a preliminary injunction.

Despite the fact that this lawsuit is almost three years old, this case is still in the preliminary stages of litigation.  Service issues have caused significant delays.  Specifically, PICA (a resident of Columbus, Ohio) attempted to serve Defendants (residents of Hong Kong, People's Republic of China ("PRC")) for a period of nearly two years.  During that period, a law firm purporting to represent Defendants contacted PICA and initiated settlement negotiations, but it refused to accept service on Defendants' behalf.

Continued problems arose as PICA tried to perfect service through PRC's Central Authority, then through personal service, and then through email.  Ultimately, after concluding that Defendants "were clearly trying to evade" service, (ECF No. 34, at 2), the Magistrate Judge ruled that service had been perfected over both Defendants as of January 10, 2014.

Defendants now move for dismissal of PICA's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), in addition to the common law doctrine of *forum*

*non conveniens*.  Despite the Agreement's Forum Selection Clause, Defendants argue that they are not subject to personal jurisdiction in this Court and that Hong Kong is the appropriate venue in which to adjudicate the parties' dispute.

## II.    ANALYSIS

### A.  Federal Rule of Civil Procedure 12(b)(2)

Rule 12(b)(2) provides that a defendant may move to dismiss a pleading for lack of personal jurisdiction.  For a court to properly exercise personal jurisdiction over an out-of-state defendant, doing so must comport with both state and federal law.  *Int'l Tech Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997).

Defendants concede, as they must, that the right to contest jurisdiction is a waivable right. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 fn. 14 (1985).  Agreeing to litigate in a certain forum through a contractual provision (like the Forum Selection Clause) generally waives the right to contest personal jurisdiction in that forum.  *See, e.g., M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718, 721 (6th Cir. 2006).  As such, the sole jurisdictional issue in this case is whether the Court should enforce the Forum Selection Clause.

A forum selection clause in a commercial contract will be enforced absent a strong showing that it should be set aside.  *M/S Bremen*, 407 U.S. at 15.  To determine whether a forum selection clause should be set aside, courts consider the following three factors: (1) the commercial nature of the contract; (2) the absence of fraud or overreaching; and (3) whether enforcement of the forum selection clause would otherwise be unreasonable or unjust.  *Preferred Capital*, 453 F.3d at 721 (citing *Info. Leasing Co. v. Jaskot*, 151 Ohio App. 3d 546, 551 (Ohio

Ct. App. 2003); *see also Kennecorp Mort. Brokers, Inc. v. Country Club Convalescent Hosp., Inc*., 66 Ohio St.3d 173, 610 N.E.2d 987, 988 (Ohio 1993)).[1]

Here, because the parties to the Agreement are sophisticated commercial entities, the Forum Selection Clause is "*prima facie* valid."  *Preferred Capital*, 453 F.3d at 721.  Such a clause typically will be upheld unless the party opposing its enforcement proves that it was not freely bargained for.  *See id*.; *see also M/S Bremen*, 407 U.S. at 15–17.

Regarding the second factor, although Defendants argue that PICA "overreached" by including the Forum Selection Clause in the Agreement, they provided no evidence that would call into question the integrity of the bargaining process.  That Defendants now take issue with a contractual provision to which they freely agreed is insufficient to invalidate that provision.

Defendants similarly fail to persuade the Court that enforcement of the Forum Selection Clause would be unreasonable or unjust.  The Forum Selection Clause clearly and unambiguously states that all disputes relating to the Agreement shall be litigated in the United States District Court for the Southern District of Ohio.  All of the concerns Defendants raise— i.e., that they reside in Hong Kong and that all witnesses and evidence will be located there— were foreseeable at the time the parties entered into the Agreement.  *See M/S Bremen*, 407 U.S. at 16 (discussing the third factor and stating, "[o]f course, where it can be said with reasonable assurance that at the time they entered the contract, the parties to a freely negotiated private international commercial agreement contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should . . . render the forum clause unenforceable").

---

[1] Because Ohio law and federal law treat forum selection clauses similarly, and because Defendants do not point to any nuances between the two that would impact the analysis in this case, the Court need not determine whether to apply state or federal law.  *See Preferred Capital*, 453 F.3d at 721 (citing *General Electric Co. v. G. Siempelkamp*, 29 F.3d 1095, 1098 n. 3 (6th Cir.1994)).

Accordingly, Defendants fail to make the strong showing required to set aside the Forum Selection Clause.

Having found that the Forum Selection Clause is enforceable, the Court finds that Defendants waived their right to contest personal jurisdiction in this Court. The Court therefore **DENIES** Defendants' motion to dismiss pursuant to Rule 12(b)(2).

### B. *Forum Non Conveniens*

In the alternative to their Rule 12(b)(2) argument, Defendants argue that the Court should dismiss this case under the common law doctrine of *forum non conveniens*. Pursuant to that doctrine, a court may, in its discretion, dismiss an action in favor of another, more convenient forum. *See Am. Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994).

The Supreme Court has held that the presence of a forum selection clause modifies the proper application of the doctrine of *forum non conveniens*. *See M/S Bremen*, 407 U.S. at 15–18; *Martinez v. Bloomberg LP*, 740 F.3d 211, 219 (2d Cir. 2014) (discussing *M/S Bremen*). Where the parties have entered into a valid forum selection clause, "the doctrine's usual tilt in favor of the plaintiff's choice of forum gives way to a presumption in favor of the contractually-selected forum." *Martinez*, 740 F.3d at 219 (citing *M/S Bremen*, 407 U.S. at 15, 18). In other words, valid forum-selection clauses should be upheld in almost all situations to protect the parties' legitimate expectations and uphold the interests of justice. *See Atl. Marine Constr. Co. v. U.S.D.C. for the W. D. of Tex.*, 134 S. Ct. 568, 583 (2013); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988). Effectively, where a forum selection clause meets the *M/S Bremen* test discussed above and enforcement of the clause does not contravene a strong public policy of the forum in which suit is brought, a federal court will not use the doctrine of *forum non conveniens*

to disturb the parties' selected forum.  *See M/S Bremen*, 407 U.S. at 15–18; *Martinez*, 740 F.3d at 228–30.

Here, as stated above, Defendants freely agreed to litigate all disputes arising under or related to the Agreement in this Court.  That they will be inconvenienced by a trial in this forum or that a trial in Hong Kong would be more convenient for both parties is insufficient to invalidate that agreement.  Defendants do not offer any persuasive arguments as to how enforcement of the Forum Selection Clause would contravene a strong public policy of this Court or of the State of Ohio.  Accordingly, the Court **DENIES** Defendants' motion to dismiss on the ground of *forum non conveniens*.

### C.  Federal Rule of Civil Procedure 12(b)(6)

In addition to their jurisdictional arguments, Defendants argue that the Court should dismiss certain claims pursuant to Rule 12(b)(6).  Dismissal under Rule 12(b)(6) is proper if the complaint fails to state a claim for relief.  Fed. R. Civ. P. 12(b)(6).

Even if accepted, Defendants' arguments on this issue—that PICA mislabelled and failed to clearly define its claims for relief[2]—have no substantive effect on this case.  As stated earlier, Defendants do not dispute that the Amended Complaint asserts claims for breach of contract and wrongful interference with business relations.  To the extent PICA intended to assert additional claims for relief in "Count One" (which sets forth background facts) and "Count [Four]" (which summarizes Plaintiffs' damages request), the Court **GRANTS** Defendants' motion to dismiss those claims.

Defendants' additional argument that the Court should dismiss PICA's request for injunctive relief is improper at this stage of the litigation.  Defendants suggest that PICA's

---

[2] PICA erroneously included the label "Count Three" twice in its Amended Complaint.  The parties refer to the second Count Three as "Count [Four]."

Amended Complaint fails to meet the pleading standards of Rule 8(a)(2) with respect to its request for injunctive relief; however, PICA's request "is not a free standing claim, it is a form of relief that can be requested . . . As such, [PICA's] request for an injunction must be pled according to Fed. R. Civ. P. 8(a)(3), which requires only a 'demand for relief sought,' not the more stringent standard of Fed.R.Civ.P. 8(a)(2)." *Velez v. Cuyahoga Met. Housing Auth.*, No. 1:13CV1022, 2014 WL 847406, at *5 (N.D. Ohio Mar. 3, 2014) (quoting *Lewis v. Ceralvo Holdings, LLC*, 4:11–cv–00055–JHM, 2012 WL 32607 (W.D.Ky. Jan. 6, 2012)).  PICA satisfied Rule 8(a)(3) by requesting injunctive relief in its Amended Complaint.  *Id*.  The Court therefore declines to opine as to the merits of the injunctive relief demand at this time.  *See id*.  The Court similarly declines to address the parties' arguments regarding PICA's request for injunctive relief, including PICA's argument that it intended to assert a claim for tortious misappropriation of trade secrets in addition to its breach of contract claim and wrongful interference with business relations claim.

### III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.  (ECF No. 38.)

**IT IS SO ORDERED.**

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**